```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

| | |
|---|---|
| THORNTON RAY PROPHET, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-05-2970 |
| § | |
| DOUG DRETKE, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Thornton Ray Prophet, a prisoner of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a federal petition pursuant to 28 U.S.C. § 2254, which challenges a state court felony conviction. Prophet contends that he is actually innocent of the crime for which he was convicted. This action will be dismissed because it is successive and untimely.

### I. Procedural History

A judge found Prophet guilty of attempted aggravated rape and sentenced him to ninety-nine years in prison in the TDCJ-CID. State v. Prophet, No. 262195 (176th Dist. Ct. Harris County, May 26, 1977). Prophet filed a direct appeal, and the Texas Court of Criminal Appeals affirmed the state district court's judgment on

October 17, 1979.  <u>Prophet v. State</u>, 588 S.W.2d 392 (Tex. Crim. App. 1979).

Prophet filed at least twenty-two (22) state applications challenging the conviction.[1]  <u>Ex parte Prophet</u>, Nos. WR-6,598-01, WR-6,598-02, WR-6,598-04, WR-6,598-08, WR-6,598-09, WR-6,598-11, WR-6,598-13, WR-6,598-14, WR-6,598-15, WR-6,598-16, WR-6,598-17, WR-6,598-18, WR-6,598-19, WR-6,598-20, WR-6,598-21, WR-6,598-24, WR-6,598-25, WR-6,598-26, WR-6,598-27, WR-6,598-28, WR-6,598-29, WR-6,598-30.  The first four applications were dismissed because they were filed before the conviction was final.  The fifth application was filed on November 7, 1979, and was denied without a written order on December 19, 1979.  The remaining applications were dismissed either for abuse of the writ or for non-compliance with state court procedural rules.

Prophet admits that he filed two federal petitions for a writ of habeas corpus prior to filing the present action.  The Clerk's records for the Southern District of Texas reveal that this court has previously dismissed one of his habeas petitions challenging a state felony conviction as successive under the provisions of 28 U.S.C. § 2244(b)(3)(A).  <u>Prophet v. Johnson</u>, No. H-98-2705 (S.D. Tex. May 20, 1999), <u>citing</u> H-84-1559.

---

[1]The writ filing dates and judgment dates were verified by the Harris County District Clerk's Office and the Texas Court of Criminal Appeals Website.  (http://www.cca.courts.state.tx.us/)

## II.  Analysis

As noted above, Prophet admits that he has previously challenged his conviction in a federal habeas proceeding, and the court's records indicate that Prophet's previous habeas challenge to the conviction was dismissed as successive.  Moreover, it appears that the current habeas petition, challenging a 1977 conviction, is time-barred under 28 U.S.C. § 2244(d)(1)(A).  The Court of Criminal Appeals affirmed the judgment on October 17, 1979, and the conviction became final in early 1980.  See Griffith v. Kentucky, 107 S.Ct. 708, 712 n.6 (1993) (conviction becomes final when petition for certiorari has been denied or when the ninety-day period for filing a petition has elapsed).

Although Prophet has filed numerous state habeas applications, all but six of them were filed and disposed of before 1988.  Four of the remaining six -- Nos. WR-6,598-26, WR-6,598-27, WR-6,598-28, and WR-6,598-29 -- were applications for a writ of mandamus.  See Texas Appellate Website.  Such proceedings do not toll the habeas limitations period.  Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002) (mandamus actions do not challenge validity of criminal court judgments).  Only properly filed state habeas applications can toll the habeas limitations period.  28 U.S.C.A. § 2244(d)(2); Larry v. Dretke, 361 F.3d 890, 893 (5th Cir. 2004).

The other two actions -- No. WR-6,598-25, which was filed on April 3, 1997, and dismissed for abuse of the writ on May 15, 1997, and No. WR-6,598-30, which was filed on January 14, 2005, and

dismissed for abuse of the writ on June 15, 2005 -- were post-conviction habeas applications. However, the application filed in No. WR-6,598-25 was filed almost a year after the enactment of the limitation provisions. See Flanagan v. Johnson, 154 F.3d 196, 200 (5th Cir. 1998). The other application, No. WR-6,598-30, was filed more than seven years after No. WR-6,598-25 had been dismissed. Given the huge lapses in time it is evident that the current federal habeas action is untimely. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Ott v. Johnson, 192 F.3d 510, 514 (5th Cir. 1999). Prophet's prior federal habeas actions do not toll the limitation period. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001). Therefore, this action is dismissible as untimely.

Although Prophet's prior federal habeas petitions do not affect the timeliness of the current action, they do cause it to be a successive action. Advance permission from the Court of Appeals is a prerequisite to filing a successive habeas petition. 28 U.S.C. § 2244(b); Crone v. Cockrell, 324 F.3d 833 (5th Cir. 2003). The primary purpose of this requirement is to eliminate repetitious judicial consideration of convictions and sentences. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000), citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Prophet has been apprized of this requirement, yet he continues to file habeas challenges to a twenty-eight-year-old conviction.

There is no showing that the United States Court of Appeals for the Fifth Circuit has granted Prophet permission to file a

-4-

second habeas petition.  A district court cannot rule on the merits of a successive petition that has been filed without such approval. Crone, 324 F.3d at 838; Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir. 1998).  Accordingly, the court will dismiss this action because it is time barred and because the petitioner has failed to obtain permission from the Court of Appeals to proceed in this court.  28 U.S.C. § 2244(b), (d).

The court will deny issuance of a certificate of appealability because the petitioner has failed to present any debatable argument as to whether this court was correct in its procedural ruling. See Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).

### III.  Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED.**

2. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED.**

3. A certificate of appealability is **DENIED.**

4. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 27th day of October, 2005.

```
                          _____
                                   SIM LAKE
                          UNITED STATES DISTRICT JUDGE
```